UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ALONZO BERNARD HUNTER, III,

    Plaintiff,

v.                                Case No. 3:22-cv-637-MMH-PDB

JACKSONVILLE SHERIFF'S
OFFICE and UNKNOWN BAILIFF,

    Defendants.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff Alonzo Bernard Hunter, III, a Georgia inmate, initiated this case by filing a pro se Civil Rights Complaint under 42 U.S.C. § 1983. Docs. 1, 1-1. He also moves to proceed in forma pauperis. Doc. 2. He names two Defendants – Unknown Bailiff and the Jacksonville Sheriff's Office. Doc. 1 at 2. Hunter asserts that on November 18, 2021, while appearing before Duval County Court Judge James A. Ruth in the case of State v. Hunter, No. 16-2021-MM-015208-AXXX-MA (Fla. Duv. Cnty. Ct.), and "defending [his] rights," Defendant Unknown Bailiff illegally detained Hunter "without being told by Judge Ruth to arrest [him] for contempt of court." Doc. 1-1 at 1. According to Hunter, Unknown Bailiff then placed Hunter in a holding cell for almost an hour and cracked Hunter's iPhone screen in the process. Id. He also contends

that he has "strong reason to believe" that Unknown Bailiff gave a false statement to help officials obtain a "parole warrant" that "was allegedly issued November 18, 2021," because he was in good standing with his Georgia parole until that date. Id. at 2. Hunter asserts that on November 29, 2021, Unknown Bailiff "blew a kiss at [Hunter] while [Hunter] was on the ambulance stre[t]cher receiving medical treatment from suffering a panic attack stemming from [his] arrest . . . ." Id. at 1-2. Hunter alleges that Unknown Bailiff's conduct violated his rights under the Fourth Amendment. Id. And Hunter sues Defendant Jacksonville Sheriff's Office for negligently hiring and training Unknown Bailiff. Id. at 1.

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines the action is frivolous, malicious, or fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B). As for whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v.

2

Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. Id. (quotations, alteration, and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted).

In reviewing a pro se plaintiff's pleadings, a court must liberally construe the plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). But the duty of a court to construe pro se pleadings liberally does not require the court to serve as an attorney for the plaintiff. Freeman v. Sec'y, Dept. of Corr., 679 F. App'x 982, 982 (11th Cir. 2017) (citing GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998)).

Hunter's Complaint is subject to dismissal under this Court's screening obligation because he fails to "state a claim to relief that is plausible on its face." See Iqbal, 556 U.S. at 678. To state a claim under § 1983, a plaintiff must allege "(1) both that the defendant deprived [him] of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law." See Bingham, 654 F.3d at 1175 (alteration in original).

Liberally construing Hunter's allegations, it appears he seeks to raise a claim of false arrest under the Fourth Amendment, which provides, in relevant part, that people have the right "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "A claim of false arrest or imprisonment under the Fourth Amendment concerns seizures without legal process, such as warrantless arrests." Williams v. Aguirre, 965 F.3d 1147, 1158 (11th Cir. 2020) (citing Wallace v. Kato, 549 U.S. 384, 388-89 (2007)). If an officer had probable cause for an arrest, the arrestee may not later sue the officer under a theory of false arrest. Brown v. City of Huntsville, Ala., 608 F.3d 724, 734 (11th Cir. 2010) ("[T]he existence of probable cause at the time of arrest is an absolute bar to a subsequent constitutional challenge to the arrest."); see also Wood v. Kesler, 323 F.3d 872, 878 (11th Cir. 2003) ("An arrest does not violate the Fourth Amendment if a police officer has probable cause for the arrest.").

A review of the Jacksonville Sheriff's Office website shows that on October 15, 2021, officers arrested Hunter for resisting an officer without violence, possession of cocaine, possession of not more than 20 grams of marijuana, and sale of cocaine. See Jacksonville Sheriff's Office, Department of Corrections, JSO Inmate Information Search – Inmate Report, available at www.inmatesearch.jaxsheriff.org (last visited Aug. 17, 2022). Hunter was released on bond on October 17, 2021. Id. On November 4, 2021, the state filed

4

an Information in Hunter, No. 16-2021-MM-015208, charging Hunter with resisting officer without violence.[1] See Hunter, No. 16-2021-MM-015208. On November 18, 2021, Hunter and his attorney appeared in person for a pretrial status conference. Id. On November 29, 2021, when Hunter again appeared in person for a pretrial status, Hunter's bond was revoked, and he was "remanded into custody in open court." Id. An arrest and booking report filed in State v. Hunter, No. 16-2021-MM-017591-AXXX-MA (Fla. Duv. Cnty. Ct.), reflects that the November 29, 2021 arrest was based on a fugitive warrant from the state of Georgia alleging that he had violated his parole. Hunter, No. 16-2021-MM-017591. The state of Florida extradited Hunter to the state of Georgia in December 2021, id., and he is currently in the custody of the Georgia Department of Corrections. See Georgia Department of Corrections, Offender Query, available at www.dcor.state.ga.us (last visited Aug. 17, 2022).

To the extent that Hunter seeks to pursue a false arrest claim against Unknown Bailiff, he fails to allege that Unknown Bailiff lacked probable cause to detain him. It also appears that Hunter was detained under the authority

---

[1] The Court takes judicial notice of Hunter's state court dockets. See McDowell Bey v. Vega, 588 F. App'x 923, 927 (11th Cir. 2014) (holding that district court did not err in taking judicial notice of the plaintiff's state court docket when dismissing § 1983 action); see also Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006) ("[D]ocket sheets are public records of which the court could take judicial notice.").

5

of legal process through a fugitive warrant. Thus, Hunter has failed to state a plausible Fourth Amendment claim against Defendant Unknown Bailiff.

To the extent that Hunter raises a claim against Unknown Bailiff about his damaged iPhone, allegations concerning lost or damaged property are not cognizable under § 1983. The Due Process Clause is not offended when a state employee intentionally deprives a prisoner of his property as long as the state provides him with a meaningful post-deprivation remedy. See Hudson v. Palmer, 468 U.S. 517, 533 (1984); Jackson v. Hill, 569 F. App'x 697, 698 (11th Cir. 2014); Taylor v. McSwain, 335 F. App'x 32, 34 (11th Cir. 2009) ("Regarding deprivation of property, a state employee's unauthorized intentional deprivation of an inmate's property does not violate due process under the Fourteenth Amendment if a meaningful post deprivation remedy for the loss is available.").[2] Hunter has an available, adequate post-deprivation remedy under state law. "Under Florida law, [a plaintiff] can sue the officers for the conversion of his personal property." Jackson, 569 F. App'x at 698 (citing Case v. Eslinger, 555 F.3d 1317, 1331 (11th Cir. 2009)). Thus, Hunter fails to state a claim upon which relief may be granted against Defendant Unknown Bailiff.

---

[2] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060-61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

As to Defendant Jacksonville Sheriff's Office, "Florida law has not established Sheriff's offices as separate legal entities with the capacity to be sued." Faulkner v. Monroe Cnty. Sheriff's Dep't, 523 F. App'x 696, 701 (11th Cir. 2013); see also Monroe v. Jail, No. 2:15-cv-729-FtM-99MRM, 2015 WL 7777521, at *2 (M.D. Fla. Dec. 3, 2015) ("The jail is not an actionable legal entity because it does not enjoy a separate legal existence independent of the County or the Sheriff's Office." (citation omitted)); Mellen v. Florida, No. 3:13-cv-1233-J-34, 2014 WL 5093885, at *8 (M.D. Fla. Oct. 9, 2014) (recognizing that sheriff's offices and jail facilities are not amenable to suit under § 1983); Donovan v. Parker, No. 6:10-cv-855, 2010 WL 3259717, at *2-3 (M.D. Fla. Aug. 16, 2010) (finding that a sheriff's office and detention center have no capacity to be sued). Thus, Hunter fails to state a claim upon which relief may be granted against Defendant Jacksonville Sheriff's Office.

Accordingly, it is

**ORDERED AND ADJUDGED:**

1. This case is **DISMISSED without prejudice.**

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 17th day of August, 2022.

MARCIA MORALES HOWARD
United States District Judge

Jax-7
C:   Alonzo Bernard Hunter, III, #1293545